No. 25539

## The People of the State of Colorado v. Eugene Zelinger
(504 P.2d 668)

Decided September 8, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

Donald L. Lozow, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Mr. Zelinger, you stand before this Honorable Court today in connection with several complaints made against you in which you have been charged with conducting yourself contrary to the highest standards of honesty, justice and morality. These matters were referred to the Grievance Committee of our Court, which held hearings thereon and made its report of recommendations to us. You were directed to file exceptions to that report if you cared to do so, but you filed no exceptions.

■ With respect to the first charge against you, the Committee found that you accepted employment from a Mr. Green to bring an action for damages resulting to his crops from a spraying action. You did not bring this suit until some three and one-half years after you had received the docket fee, and thereafter you did not take any further action on the case. You then left the practice of law to devote your full time to other business and turned over the file in this case to a young attorney without asking permission or even notifying your clients of your referral. Shortly afterward, the matter was dismissed by the court for failure to prosecute and you took no steps to have the matter reinstated. Your defense in this matter was that the claim was a doubtful one, but that is no excuse for your failure to prosecute the same once you had accepted the employment, nor can you share the responsibility of mishandling the case with the young attorney to whom you transferred it. You violated your obligations to your client in not filing the suit until almost four years after you were retained, in not proceeding with the lawsuit during the period thereafter, in not procuring your client's permission to transfer the case to another attorney, and in not supervising its handling by that attorney. All of these actions constituted gross negligence and unprofessional conduct.

■ The second charge deals with a car which you received as a fee from one of your clients. The car was stolen property. The Committee found that you did ask your client whether the car was stolen and that you received a negative answer from him. Nevertheless, the Committee felt that you

should have made further inquiry as to the actual source of the vehicle, and we agree with the Committee's conclusion that your failure to do so under the circumstances of this case constituted a breach of your obligations as a member of the Bar. Conduct such as displayed by you in these two matters can only lead to contempt by the public for the calling which you profess.

Mr. Zelinger, you are publicly reprimanded for your dereliction of duty, and your continuing status as a member of the Bar of this Court is in serious jeopardy. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action.

You are assessed costs in this matter in the sum of $274.49, which you are directed to pay into the Registry of this Court within 90 days.